# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| ALLEN D. McCLYMONDS and | : | |
| SELENA W. McCLYMONDS, | : | Bankruptcy No. 10-21865-CMB |
| | : | |
| Debtors. | : | |
| ........................................................ | : | ...................................................................... |
| Alex Krauchak and Pamela Krauchak, | : | |
| Plaintiffs, | : | Chapter 7 |
| | : | |
| v. | : | |
| | : | Adversary No. 11-2002-BM |
| Allen D. McClymonds and Selena | : | |
| W. McClymonds, | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER OF COURT

**AND NOW,** this **9th day** of **March, 2012**, upon consideration of the adversary complaint filed by Alex and Pamela Krauchak (hereafter respectively "Mr. Krauchak, Mrs. Krauchak, and the Krauchaks"), wherein they seek a determination that their claim be excepted from the discharge of Allen and Selena McClymonds, the instant debtors (hereafter respectively "Mr. McClymonds, Mrs. McClymonds, and the Debtors"), pursuant to 11 U.S.C. § 523(a)(6);

and subsequent to notice and a trial on the matter;

it is **hereby ORDERED, ADJUDGED, AND DECREED** that:

(a)  **Mr. Krauchak's claim** is **EXCEPTED from Mr. McClymonds' Chapter 7 discharge**, that is such claim is **NONDISCHARGEABLE** with respect to Mr. McClymonds;

(b)  **Mr. Krauchak's claim** is **NOT EXCEPTED from Mrs. McClymonds' Chapter 7 discharge**, that is such claim is **DISCHARGED** with respect to Mrs. McClymonds; and

(c)  **Mrs. Krauchak's claim** is **NOT EXCEPTED from the Chapter 7 discharge of either Mr. or Mrs. McClymonds**, that is such claim is **DISCHARGED** with respect to both of the Debtors.

The rationale for the Court's decision is set forth below.

**I.**

On or about January 18, 2003, Mr. Krauchak and the Debtors became involved in an altercation amongst themselves. Mr. Krauchak contends that Mr. McClymonds initiated the fight, while the Debtors maintain that it was Mr. Krauchak who instigated the fight.

The parties agree that Mr. McClymonds was wearing steel-towed boots during the altercation, and that he kicked Mr. Krauchak at least three times before Mr. Krauchak lost consciousness. Mr. McClymonds testified at trial that he kicked Mr. Krauchak only so as to protect Mrs. McClymonds, if not to also perhaps protect himself. Mrs. McClymonds suffered a cut above one of her eyes as a result of the altercation, although the parties disagree as to whether Mr. Krauchak inflicted such injury.

Mr. Krauchak contends that, at the beginning of the altercation, Mrs. McClymonds jumped on his back, and that by doing so she enabled Mr. McClymonds to free himself from Mr. Krauchak so that he could then begin

kicking Mr. Krauchak.  Mr. Krauchak also contends that after he lost consciousness both of the Debtors continued to assault and batter him, thereby adding to the many injuries that he suffered during the altercation.

The Debtors do not dispute that Mr. Krauchak (a) suffered serious and substantial injuries as a result of the altercation, (b) was rendered unconscious during the fight, and (c) ultimately wound up in an emergency room of a local hospital to be treated for his injuries.  Mr. Krauchak testified at trial that among the injuries that he sustained as a result of the altercation were (a) a shattered kneecap, which ultimately necessitated the replacement of his right knee, (b) a broken nose, (c) a fractured right orbital bone, (d) three fractured discs in his neck, which thereby ultimately necessitated neck fusion surgery, (e) lower back injuries, (f) a torn left shoulder, (g) numerous lacerations to his face, and (h) brain damage, at least in the form of short term memory loss.

Mr. Krauchak testified at trial that he is presently unemployed, and that he has been unemployed for most of the period subsequent to the date of the aforesaid altercation.  Mr. Krauchak testified that his only current source of income is social security disability compensation.

Mrs. Krauchak contends that she has incurred a loss of consortium by virtue of the injuries that Mr. Krauchak suffered.  However, Mrs. Krauchak failed to appear at the trial that was held by this Court for the instant matter.

As the Court understands it, the Krauchaks' claim takes the form of a tort action against the Debtors for the injuries that the Krauchaks suffered as a result of the aforesaid altercation.  The Court understands such claim to have not yet

been liquidated, and the Court is uncertain as to whether the Krauchaks even commenced a civil action against the Debtors in state court prior to the date upon which the Debtors commenced the instant bankruptcy case. Mr. Krauchak failed to provide the Court with any information or evidence, either at trial or in his pleadings, regarding the monetary damages that he has suffered or that he seeks to recover by way of his claim against the Debtors.

**II.**

The Krauchaks contend that the Debtors willfully and maliciously injured Mr. Krauchak and, presumably, thereby also so injured Mrs. Krauchak's interest in consortium with her husband. The Debtors disagree, arguing that they acted justifiably and, thus, not maliciously because they acted only in self-defense.

11 U.S.C. § 523(a)(6) provides that a debt is nondischargeable if it was incurred by the debtor as a result of "willful and malicious injury by the debtor to another entity or to the property of another entity." 11 U.S.C.A. § 523(a)(6) (West 2012). It has been held that:

> "The word 'willful' in [§ 523](a)(6) modifies the word 'injury,' indicating that nondischargeability [under § 523(a)(6)] takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Kawaauhau v. Geiger, 118 S.Ct. 974, 977, 523 U.S. 57, 140 L.Ed.2d 90 (1998). An injury is deliberate or intentional "if the actor purposefully inflicted the injury or acted with [knowledge that there was] substantial certainty that injury would result." In re Conte, 33 F.3d 303, 305 & 307-09 (3rd Cir. 1994);

4

Geiger v. Kawaauhau (In re Geiger), 113 F.3d 848, 852-54 (8th Cir. 1997), *aff'd*, 118 S.Ct. 974, 523 U.S. 57, 140 L.Ed.2d 90 (1998); In re Slosberg, 225 B.R. 9, 18-19 (Bankr.D.Me. 1998) (citing, at n.12, State of Texas v. Walker, 142 F.3d 813, 823-24 (5th Cir. 1998); In re Kidd, 219 B.R. 278, 285 (Bankr.D.Mont. 1998); In re Dziuk, 218 B.R. 485, 487 (Bankr.D.Minn. 1998)); In re Grover Hughes Phillippi, Bankr.No. 98-21819-MBM, Adv.No. 98-2256-MBM (Bankr.W.D.Pa. 7/20/99), at 7-11 & n.4.  "An injury to an entity or property may be a malicious injury within ... [§ 523(a)(6)] if it[–or more accurately, the tortious act of a debtor which resulted in said injury–]was wrongful and without just cause or excuse, even in the absence of personal hatred, spite or ill-will."  4 Collier on Bankruptcy ¶ 523.12[1] at 523-91; *see also* In re Braen, 900 F.2d 621, 626 n.4 (3rd Cir. 1990) (using the same quotation from Collier in defining "malicious injury"); Phillippi, Bankr.No. 98-21819-MBM, Adv.No. 98-2256-MBM, at 6 (same); Slosberg, 225 B.R. at 21-22 ("A showing of malice requires a showing that the debtor's willful, injurious conduct was undertaken without just cause or excuse").

In re Slomnicki, 243 B.R. 644, 649 (Bankr.W.D.Pa. 2000) (also holding that the Third Circuit's holding in Conte that an injury is deliberate or intentional if an actor acts with knowledge that there is substantial certainty that injury will result remains good law notwithstanding that it was decided prior to the U.S. Supreme Court's decision in Kawaauhau).

5

Applying the foregoing law to the instant matter, the Court holds, first with respect to Mr. McClymonds, that he willfully injured Mr. Krauchak when he repeatedly kicked Mr. Krauchak with his steel-towed boots during their altercation. The Court so holds because it finds, by a preponderance of the evidence, that Mr. McClymonds, when he kicked Mr. Krauchak, did so with knowledge that it was substantially certain that Mr. Krauchak would thereby incur severe injuries.

The Court accepts Mr. McClymonds' position that he administered the first several kicks to Mr. Krauchak so as to protect Mrs. McClymonds from Mr. Krauchak. Therefore, the Court agrees with the Debtors that Mr. McClymonds did not maliciously injure Mr. Krauchak with the first several of the aforesaid kicks. However, the Court finds, by a preponderance of the evidence, that Mr. McClymonds continued to kick Mr. Krauchak well after both Mrs. McClymonds and himself were out of danger. Such finding is supported by the sheer number and severity of the injuries that Mr. Krauchak suffered, as well as the fact that he was rendered unconscious during the altercation. Therefore, the Court concludes that Mr. McClymonds acted maliciously, that is without just cause or excuse, when he so continued to kick Mr. Krauchak.

Therefore, the Court holds that Mr. McClymonds willfully and maliciously injured Mr. Krauchak. Consequently, Mr. Krauchak's claim will be excepted from Mr. McClymonds' Chapter 7 discharge, that is such claim is determined to be nondischargeable with respect to Mr. McClymonds.

As for Mrs. McClymonds, the Court finds the evidence to be such that it is

at least as likely that she did not act antagonistically toward Mr. Krauchak as that she did. Put differently, Mr. Krauchak has failed to preponderantly prove that Mrs. McClymonds willfully injured him, let alone that she did so maliciously (i.e., without just cause or excuse).

Therefore, the Court holds that Mrs. McClymonds did not willfully and maliciously injure Mr. Krauchak. Consequently, Mr. Krauchak's claim will not be excepted from Mrs. McClymonds' Chapter 7 discharge, that is such claim shall be discharged with respect to Mrs. McClymonds.

Finally, the Court cannot except Mrs. Krauchak's claim for loss of consortium from the Chapter 7 discharges of either of the Debtors. The Court is constrained to so rule given that Mrs. Krauchak failed to appear at trial and, thus, also failed to offer any evidence – even self-serving testimony – to demonstrate that she, in fact, did suffer such loss of consortium. The Court also so rules with respect to Mrs. McClymonds, in particular, because, since the Court rules that she did not willfully and maliciously injure Mr. Krauchak, she could not have so indirectly injured an interest of Mrs. Krauchak. As well, the Court so rules with respect to Mr. McClymonds, in particular, because, even though the Court rules that he kicked Mr. Krauchak with the knowledge that he would almost certainly thereby harm Mr. Krauchak, the Court cannot conclude that he so acted with similar knowledge regarding Mrs. Krauchak's consortium interest.

Therefore, Mrs. Krauchak's claim for loss of consortium shall be discharged with respect to both of the Debtors.

**III.**

As noted above, the Court understands Mr. Krauchak's claim against Mr. McClymonds to have not yet been liquidated.  However, because Mr. Krauchak failed, either in his pleadings or at trial, to supply the Court with adequate information, the Court cannot presently liquidate such claim.  Therefore, if such claim still needs to be liquidated, Mr. Krauchak will need to seek such liquidation either in state court or by attempting to supplement the record in this Court subsequent to the entry of the instant judgment.

**BY THE COURT**

 /s/
**BERNARD MARKOVITZ,
U.S. Bankruptcy Judge**

cm:   Eric D. Levin, Esq.
      Dai Rosenblum, Esq.
      Natalie Lutz Cardiello, Esq., Ch. 7 Trustee
      (to be served electronically by case administrator)